OPINION
York Temple County Club is appealing the summary judgment granted in favor of the state of Ohio, Ohio Department of Transportation. A single error is assigned for our review:
 The trial court erred in granting summary judgment in favor of Defendant-Appellee on the basis that Plaintiff-Appellant had previously dismissed the action pursuant to Rule 41(A) of the Ohio Rules of Civil Procedure twice.
On December 20, 1999, York Temple Country Club ("York Temple") filed an action in mandamus seeking a writ to compel the city of Columbus and the state of Ohio to commence appropriation proceedings to compensate York Temple for the impact upon York Temple's means of ingress and egress to State Route 23 in the vicinity of its intersection with Interstate 270. This mandamus action was clearly marked as a "re-filed case."
After service of process, the state of Ohio filed an answer which included as its fifteenth defense:
 Pursuant to Civil Rule 41(A), Plaintiff has voluntarily dismissed two actions based on or including the same claim raised in the present action and accordingly, the second voluntary dismissal operates as an adjudication on the merits which bars the present action.
At the same time, the state of Ohio filed a motion for summary judgment, alleging two prior dismissals as one of the grounds for its entitlement to summary judgment.
The trial court granted York Temple an extension of time to respond to the summary judgment motion. After the response, the trial court granted the summary judgment.
York Temple acknowledges it filed a lawsuit prior to the serial filing of two identical mandamus actions, but alleges that the first lawsuit was sufficiently dissimilar so as to avoid the application of Civ.R. 41(A) as a bar.
Civ.R. 41(A)(1) reads:
 (1) By plaintiff; by stipulation. Subject to the provisions of Rule 23(E) and Rule 66, an action may be dismissed by the plaintiff without order of court (a) by filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by the defendant or (b) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court, an action based on or including the same claim.
The issue then becomes whether or not the first lawsuit was "an action based on or including the same claim" so as to result in "adjudication upon the merits."
The first lawsuit was given case number 95-03703 in the Ohio Court of Claims. The lawsuit had been removed to the Ohio Court of Claims from the Court of Common Pleas for Franklin County, Ohio. After removal, York Temple sought leave to file a third amended complaint which expressly included an action in mandamus. Already set forth in prior complaints and amended complaints were claims for compensation from the city of Columbus and the state of Ohio as a result of the impact upon York Temple's ingress and egress resulting from the improvements made to State Route 23 in the vicinity of its intersection with Interstate 270. The second amended complaint sought preliminary or permanent injunctive relief in regard to the same road improvements and included a claim for damages as a result of an alleged taking of property incident to the same road improvements.
Under the circumstances, when York Temple dismissed this first lawsuit in the Court of Claims, York Temple dismissed an action based on the same claim. The claim which was dismissed included a claim for money damages from governmental entities as a result of the impact of the road improvements upon York Temple's ingress and egress route.
The trial court was correct in granting summary judgment based upon the clear wording of Civ.R. 41(A). The sole assignment of error is overruled and the judgment of the trial court is affirmed.
 _________________ TYACK, J.
BOWMAN, P.J., BROWN, J., concur.